{¶ 19} I concur in part and dissent in part with the majority opinion. I agree that this case should be remanded for resentencing for the proper findings as to the imposition of consecutive sentences. I disagree, however, with the court's holding that it need not address the issue of the imposition of the maximum sentence.
 {¶ 20} App.R. 26(B)(7) states that "the court may limit its review to those assignments of error and arguments not previously considered." In its decision granting a rehearing, this court explicitly stated "the issue on appeal is limited to assignment of error one." That assignment specified an error in both maximum and consecutive sentences procedure. Thus I disagree with the majority's conclusion that, because it disposed of the maximum issue in its response to the motion to reopen, the majority is not now required to address this issue. I am therefore including my dissent on the maximum sentence.
 {¶ 21} In the matter before us, defendant argues the trial court erred in imposing both the maximum and consecutive sentences without making the requisite findings and giving the requisite reasons for those findings. I agree. The trial court did not meet the standard required. As I stated in my dissent in the decision to reopen:
 {¶ 22} "Although I agree that the case should be reopened because of the trial court's procedure in imposing consecutive sentences, I must respectfully dissent regarding the procedure the court used when it imposed a maximum sentence. First, the trial court never announced it was imposing a maximum sentence. Nor did the court provide a reason that fully qualifies under the statute for imposing the maximum. The court found only that defendant was "at risk for a repeat offense." (Tr. 313.) A risk of reoffending is not the same as "greatest likelihood" of reoffending. As Griffin and Katz state, "The Ohio Supreme Court has made clear in State v. Edmonson that, where the sentencing statute requires `findings' to be made, close adherence to the precise statutory language will be required." Ohio Felony Sentencing Law, 2001, p. 411.
 {¶ 23} "The First Appellate District has explained what language is required: `The legislature created a recidivism standard for imposition of the maximum sentence different from the standard applied for the imposition of a prison sentence. R.C. 2929.12(D) merely requires the finding that an offender is likely to commit future crimes. R.C.2929.14(C), in contrast, requires a finding that an offender poses thegreatest likelihood of committing future crimes. When the legislature inserts language in a statute, that language "is inserted to accomplish some definite purpose, and words may not be deleted. The legislature used the superlative form of `great' to describe the likelihood of recidivism necessary to impose the maximum sentence. Such language obviously reflects the legislature's intention to limit maximum prison terms to the most incorrigible offenders."' [Footnotes omitted.] State v. Howard, (Sept. 11, 1998), Hamilton App. No. C-971049."
 {¶ 24} Second, the trial court erred in its summary of defendant's record. As this court previously noted in a dissent:
 {¶ 25} "In response to a plea for mercy by Drake's girlfriend, the judge stated that he had `over 25 or 30 felony convictions,' which included violent offenses. In support of this statement, she read into the record the complete list of Drake's offense history as stated in his pre-sentence investigation report. Almost half of the `25 or 30 felony convictions' were part of Drake's juvenile record, [footnote omitted] another five concerned driving offenses, and several more concerned petty drug offenses. The judge apparently made no distinction between charges and actual convictions, because at least seven of the listed charges were nolled or dismissed, and did not result in convictions. Some of the offenses could only be charged as misdemeanors, and many concerned theft charges that could not be specified as either felony or misdemeanor charges without further details concerning the character and value of the property at issue. R.C. 2913.02. The final tally, as stated by the officer who prepared the pre-sentence report, was that Drake had four adult felony convictions and five adult misdemeanor convictions. His juvenile record primarily consisted of a string of theft charges, none of which were described * * *.
 {¶ 26} "Although the evidence at trial clearly showed that Drake had not personally committed any violence upon the victim, the judge sentenced him on the felonious assault conviction after stating her conclusion that he had personally `pistol whipped' the victim." [Emphasis added.] State v. Shannon Drake, (Jan 9, 2002), Cuyahoga App. No. 77460. About the violence in the case at bar, the presentence report does summarize a second statement by the victim that provides conflicting details, one of which is that Drake hit the victim. There is no evidence in that report or in the record in the case at bar, however, to indicate he "pistol whipped" the victim.
 {¶ 27} Because of the glaring inaccuracies in the trial judge's summary of defendant's criminal record and an error regarding an important detail of the current case, as well as the court's obvious failure to comply with the sentencing requirements, I would reopen this case for more than merely the consecutive sentences issue.